

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

February 24, 2023

The Honorable Rene P. Montalvo
Starr County Attorney
401 North Britton Avenue, #405
Rio Grande City, Texas 78582

**Opinion No. KP-0432**

Re: Whether Tax Code subsection 6.43(c) authorizes a county attorney to also serve as legal counsel to the appraisal district in the same county (RQ-0461-KP)

Dear Mr. Montalvo:

You ask whether Tax Code subsection 6.43(c) authorizes you, as the current Starr County Attorney, to also serve as legal counsel for the Starr County Appraisal District ("District").[1] You explain that you were serving as legal counsel for the District when you were appointed to fill a vacancy in the office of county attorney. *See* Request Letter at 1.

**Tax Code section 6.43 governs an appraisal review board's employment of personnel.**

The Tax Code establishes a tax appraisal district in each county and makes it responsible for appraising all property in the district for ad valorem tax purposes. *See* TEX. TAX CODE § 6.01(a), (b). The Tax Code also establishes for each district an appraisal review board ("board"). *See id.* § 6.41(a). A board performs a variety of duties, including reviewing district tax appraisal records and rolls and responding to challenges thereto. *See generally id.* §§ 41.01–.71.

Section 6.43 governs a board's employment of personnel and provides, in relevant part:

(a) The appraisal review board may employ legal counsel as provided by the district budget or use the services of the county attorney.

(b) Except as provided by Subsection (c), an attorney may not serve as legal counsel for the appraisal review board if the attorney or a member of the attorney's law firm has during the year before the date of the appraisal review board's hiring of the attorney

[1]*See* Letter from Honorable Rene P. Montalvo, Starr Cnty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (May 9, 2022), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2022/RQ0461KP.pdf ("Request Letter").

> represented a property owner who owns property in the appraisal district, a taxing unit that participates in the appraisal district, or the appraisal district in a matter addressed by Section 1.111 or 25.25 of this code, Subtitle F of this title, or Subchapter Z, Chapter 2003, Government Code.
>
> (c) The county attorney for the county in which the appraisal district is established may provide legal services to the appraisal review board notwithstanding that the county attorney or an assistant to the county attorney represents or has represented the appraisal district or a taxing unit that participates in the appraisal district in any matter.

*Id.* § 6.43(a)–(c). Subsection 6.43(a) authorizes a board to employ legal counsel or "use the services of the county attorney." *Id.* § 6.43(a). Subsection 6.43(b) prohibits an attorney from serving as legal counsel for a board in specific circumstances, including when the attorney previously represented the appraisal district in certain matters. *See id.* § 6.43(b). Subsection 6.43(c) excepts the county attorney for the county containing the appraisal district from some of the prohibitions imposed by subsection (b), allowing the county attorney to serve the board despite representation of the district. *See id.* § 6.43(c).

On its face, section 6.43 expressly authorizes the county attorney to provide legal services only to a board, not a tax appraisal district. *See id.* § 6.43(a) (referring to the authority of the "appraisal review board"), (c) (authorizing legal services "to the appraisal review board"); *cf.* Tex. Att'y Gen. Op. No. GA-0556 (2007) at 5 (discussing section 6.43). However, because subsection 6.43(c) alludes to the county attorney's representation of the appraisal district, you ask whether it also provides authority for the county attorney to serve as legal counsel for the District. *See* TEX. TAX CODE § 6.43(c); Request Letter at 1. Thus, we discuss that subsection.

**Tax Code subsection 6.43(c) does not authorize the county attorney to serve as legal counsel to the tax appraisal district.**

When interpreting a statute, a court's primary goal is to effectuate the Legislature's intent. *See Hebner v. Reddy*, 498 S.W.3d 37, 41 (Tex. 2016). A court "look[s] for that intent first and foremost in the plain language of the . . . statutory provision" giving "effect to all words of a provision and avoid[ing] constructions that would render any part of it meaningless." *Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 540 (Tex. 2021).

Subsection 6.43(c) authorizes the county attorney to provide legal services to the board "*notwithstanding* that the county attorney or an assistant to the county attorney represents or has represented the appraisal district . . . ." TEX. TAX CODE § 6.43(c) (emphasis added). The term "notwithstanding" in common usage means "without obstruction from" or "in spite of." *See* Tex. Att'y Gen. Op. No. KP-0287 (2020) at 4. Thus, subsection 6.43(c) authorizes the county attorney to provide legal services to the board in spite of the county attorney's representation of the appraisal district. *See* TEX. TAX CODE § 6.43(c). Subsection 6.43(c) itself contains no language authorizing the county attorney to serve as legal counsel to the appraisal district. *See id.* However,

this subsection assumes the possibility that a county attorney or an assistant to a county attorney could represent an appraisal district. *See id.*

A county attorney has authority to provide legal services to a tax appraisal district only as expressly granted by law or necessarily implied therefrom. *See State v. Hollins*, 620 S.W.3d 400, 406 (Tex. 2020) (explaining "[t]he authority vested in Texas counties—and county officials— is limited" to that which is expressly granted or necessarily implied); Tex. Att'y Gen. Op. No. GA-0709 (2009) at 2 ("Public officers, such as a county attorney, possess only such powers as are expressly conferred upon them by law or are necessarily implied from the powers so conferred."). For instance, Civil Practice and Remedies Code section 65.016 authorizes a county attorney to seek an injunction to enforce Tax Code section 22.01 on behalf of an appraisal district. *See Robinson v. Budget Rent-A-Car Sys., Inc.*, 51 S.W.3d 425, 431–32 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (finding Civil Practice and Remedies Code section 65.016 is an enforcement mechanism for rendering under Tax Code section 22.01). Accordingly, a county attorney or an assistant to a county attorney is expressly granted authority to represent an appraisal district in at least a limited capacity. Because this express grant of authority exists outside of Tax Code subsection 6.43(c), a court would likely conclude that Tax Code subsection 6.43(c) contemplates a county attorney's or an assistant to a county attorney's authority to represent a tax appraisal district only to the extent that authority is elsewhere expressly granted by law, and not that subsection 6.43(c) implies the creation of such authority. *See Hollins*, 620 S.W.3d at 406.

You neither specify the exact nature of your legal service to the District nor refer us to any other potential grant of authority for such service. *See* Request Letter at 1–2. Therefore, we cannot opine as a matter of law on the propriety of your continued service[2] as legal counsel to the District.

---

[2]Nor do we opine on whether such service complies with the Texas Disciplinary Rules of Professional Conduct, an issue that involves the investigation and resolution of fact questions which is beyond the scope of an Attorney General opinion. *See* Tex. Att'y Gen. Op. No. KP-0400 (2022) at 4.

## S U M M A R Y

Tax Code section 6.43 governs an appraisal review board's employment of personnel and expressly authorizes an appraisal review board, not a tax appraisal district, to utilize the legal services of the county attorney. A court would likely conclude that subsection 6.43(c) does not authorize the county attorney to serve as legal counsel to the tax appraisal district.

Very truly yours,

*Ken Paxton*

KEN PAXTON
Attorney General of Texas

BRENT E. WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee